UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMANUEL DELACRUZ, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED,

Plaintiff,

-against-

THE YANKEE CANDLE COMPANY, INC.,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/30/2021_

19 Civ. 10999 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this disability discrimination action, Plaintiff, Emanuel Delacruz, on behalf of all other persons similarly situated, alleges that Defendant, The Yankee Candle Company, Inc., violated his rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA"), N.Y. Exec. Law § 290, *et seq.* (the "NYSHRL"), and N.Y.C. Admin. Code § 8-101, *et seq.* (the "NYCHRL"). Defendant moves to dismiss the complaint on the alternative grounds of (1) lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Defendant, The Yankee Candle Company, Inc., is a national retail store chain. FAC ¶¶ 26–27, ECF No. 24. Defendant, like many other retailers, sells gift cards, which are credit-card sized and shaped items that can be used to purchase goods in Defendant's stores in lieu of using money. *Id.* ¶¶ 15, 30, 35. Defendant does not sell gift cards with Braille writing on the cards. *Id.* ¶ 16.

On November 18, 2019, Delacruz, a blind and visually-impaired individual, contacted Defendant and asked if it sold gift cards with Braille writing. *Id.* Defendant's employee informed Plaintiff that it did not. *Id.* On this call, the employee did not affirmatively offer "any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." *Id.* ¶ 17. Plaintiff was also unable to locate any Braille gift cards at Defendant's stores. *Id.* ¶ 18.

Delacruz alleges that this failure to provide Braille gift cards "denied [him] equal access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards." *Id.* ¶ 41. Delacruz seeks injunctive and declaratory relief requiring Defendant to sell Braille gift cards, and declaratory relief that Defendant is marketing, distributing, and selling store gift cards in a manner violative of the ADA, the NYSHRL, and the NYCHRL. *Id.* at 24–25.

## DISCUSSION

This case involves nearly identical factual allegations as those alleged in *Calcano v. Cole Haan LLC*, 19 Civ. 10440, 2021 WL 849434 (S.D.N.Y. Mar. 5, 2021). Because the cases are nearly indistinguishable, the Court refers, in substantial part, to its recent order in *Calcano*. Accordingly, the Court adopts the legal standards articulated in Parts I and II of *Calcano*, 2021 WL 849434, at *1–2, concerning Rule 12(b)(1), Rule 12(b)(6), and standing.

I.   ADA, NYSHRL, and NYCHRL Claims

The Court finds that Delacruz's complaint suffers from the same deficiencies as Calcano's complaint and, therefore, Delacruz lacks standing to bring his claims under the ADA. *Calcano*, 2021 WL 849434, at *2–3. Thus, although Delacruz can satisfy the first two elements of the standing inquiry, he has failed to provide the Court with sufficient factual allegations that he intends to return to The Yankee Candle Company, Inc., and thus, cannot meet the third element. *Id*. The two complaints are strikingly similar: like the plaintiff in *Calcano*, Delacruz

alleges that he "resides . . . close to Defendant's retail store located at 90-15 Queens Boulevard, Queens, NY," and that he has "been a customer at Defendant's stores on prior occasions." FAC ¶¶ 21, 25. He similarly alleges that he "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store." *Id*. ¶¶ 21, 46.

However, like the plaintiff in *Calcano*, Delacruz has not alleged that he "regularly shops at [stores like Defendant's] or enjoys any particular products sold by Defendant." *Tucker v. Whole Foods Mkt. Grp., Inc.*, No. 19 Civ. 9842, 2020 WL 3504728, at *4 (S.D.N.Y. June 29, 2020); *see also Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 88–89 (E.D.N.Y. 2005). Nor does he provide the address of any of Defendant's retail locations that he has visited on prior occasions. *See generally* FAC. Without such facts, the Court cannot reasonably infer that Delacruz intends to return to Defendant's stores.

Moreover, Delacruz's NYSHRL and NYCHRL claims are "governed by the same standing requirements as the ADA." *Mendez v. Apple Inc.*, No. 18 Civ. 7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Because Delacruz lacks standing to sue under the ADA, he similarly lacks standing to sue under the NYSHRL and the NYCHRL.

If the Court were to consider the merits, Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Calcano*. *See* 2021 WL 849434, at *3–5. There are no substantive differences between the filings in this case and *Calcano* that would cause the Court to reach a different conclusion.

Because the Court would dismiss Plaintiff's ADA claims, it would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims as it did in *Calcano*. *See id.* at *5.

Accordingly, Defendant's motion to dismiss Delacruz's ADA, NYSHRL, and NYCHRL claims is GRANTED.

II.     Declaratory Relief

Delacruz's claim for declaratory relief is duplicative of his other claims. Accordingly, Defendant's motion to dismiss this claim is GRANTED.

III.    Leave to Amend

Delacruz seeks leave to amend his complaint for a second time. Plaintiff may seek leave to amend the FAC by filing a letter motion explaining how a second amended complaint would state a claim that would cure the deficiencies discussed in this order. Plaintiff shall append to the letter a draft of the proposed second amended complaint showing the changes from the FAC. The letter motion must be filed on or before **April 15, 2021**.

## CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED and the complaint is DISMISSED.

The Clerk of Court is direct to terminate the motions at ECF Nos. 22 and 27.

SO ORDERED.

Dated: March 30, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge